UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THE UNITED STATES OF AMERICA
for the use and benefit of SOUTHERN
SPEAR IRONWORKS, LLC, a Tennessee
limited liability company,

    Plaintiff,

v.                                                        Case No.:

HENSEL PHELPS CONSTRUCTION
COMPANY, a Delaware general partnership,
and TRAVELERS CASAULTY AND
SURETY COMPANY, a Connecticut corporation,

    Defendants.

---

**COMPLAINT FOR BREACH OF CONTRACT
AND RECOVERY UNDER MILLER ACT PAYMENT BOND**

---

Plaintiff, the United States of America for the use and benefit of Southern Spear Ironworks, LLC, sues Defendants, Hensel Phelps Construction Company and Travelers Casualty and Surety Company, and states:

### Parties

1. Plaintiff, Southern Spear Ironworks ("Southern Spear"), is a limited liability company organized and existing under the laws of the

1

State of Tennessee, with its principal place of business in Hamilton County, Tennessee, and at all times material hereto, transacted business in Okaloosa County, Florida.

2. Defendant, Hensel Phelps Construction Company ("HP"), is a Delaware general partnership authorized to conduct business in Florida and, at all times material hereto, transacted business in Okaloosa County, Florida. HP's principal place of business is located in Weld County, Colorado.

3. Defendant, Travelers Casualty and Surety Company ("Travelers"), is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located in Hartford County, Connecticut.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367. In addition, there is complete diversity of citizenship and the claims exceed $75,000.00, providing jurisdiction under 28 U.S.C. § 1332.

5. The contract and work at issue was performed in Florida on Eglin Air Force Base in Okaloosa County, Florida. Venue therefore lies in the United States District Court for the Northern District of Florida pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## Intradistrict Assignment

6. Assignment in the Pensacola Division of the United States District Court for the Northern District of Florida is proper pursuant to Rule 3.1(A)(1) of the Local Rules of the Northern District of Florida because a substantial part of the events giving rise to the claims alleged arose in the portion of Eglin Air Force base located within the boundaries of Okaloosa County, Florida.

## General Allegations

7. HP is the general contractor for a project owned by the United States Air Force known as Cyberspace Test Group Facility FTFA 163007 located at Eglin Air Force base in Okaloosa County, Florida (the "Project") through a contract with the U.S. Army Corps of Engineers (the "Owner").

8. On September 30, 2020, HP, as principal, obtained a Miller Act payment bond (the "Bond") from Travelers in the amount of $28,587,000.00 as required by law. A copy of the Bond is attached hereto as **Exhibit 1**.

3

9. According to the Bond, Travelers agreed to be bound "jointly and severally" with HP to make payment to all persons having a direct contractual relationship with HP or to any subcontractor of HP who furnished labor, material or both in the prosecution of the work of the Project in the event that HP failed to make prompt payment to such persons.

10. On October 22, 2020, HP entered into a subcontract with Southern Spear for the provision of certain labor, services, and materials, including the fabrication and erection of structural steel (the "Subcontract"). A true and correct copy of the Subcontract is attached as **Exhibit 2**. The scope of work and contract price for the Subcontract were adjusted by various modifications in the form of change orders, claims, and equitable adjustments that were either granted or to which Southern Spear is entitled under the terms of the Subcontract. The term "Subcontract" as used hereafter includes these various modifications.

11. Southern Spear furnished labor, services, and materials for the Project under the Subcontract.

12. Southern Spear last furnished labor, services, or materials on May 5, 2022, all of which was furnished in the prosecution of the work

provided for in the Subcontract, including any change orders or modifications thereto, and the Project's prime contract and specifications.

13. Southern Spear timely and properly billed for, but has not been fully paid for the labor, services, and materials provided for the Project.

14. The amount unpaid exceeds $75,000.00.

15. HP failed to pay Southern Spear as required under the Subcontract. Southern Spear duly and timely notified HP of the amounts past due. More than 90 days have elapsed since Southern Spear performed the last of the labor or furnished or supplied the materials that are the subject of this claim.

16. Owner and HP failed to comply with the schedule for work adopted through the Subcontract.

17. The delays in performance by Owner and HP included failure to timely review and approve drawings submitted by SSI.

18. During the delays caused by Owner and HP, the price of materials required for Southern Spear to complete its scope of work under the Subcontract increased nearly three hundred percent.

19. Nevertheless, at the request of HP, Southern Spear acquired materials necessary to perform its scope of work under the Subcontract.

20. Southern Spear suffered losses in the approximate amount of $500,000, due to HP's breach of the Subcontract, including delays resulting in price escalation due to, among other things, material shortages and other impacts of the Covid-19 pandemic.

21. Southern Spear made request to HP to compensate Southern Spear for these losses through submitted Change Order requests and requests for equitable adjustments, and claims.

22. HP failed to pay for the losses Southern Spear suffered.

23. Southern Spear has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services in this action. Southern Spear is entitled to recover its attorney's fees under the Subcontract.

24. Southern Spear has complied with all conditions precedent to the commencement of this action or such conditions have been otherwise performed, have occurred, been fulfilled, or been waived.

## Count I – Miller Act Payment Bond

25. Southern Spear adopts paragraphs 1 through 24 above into this Count.

26. Travelers is obligated, pursuant to the Bond, to pay Southern Spear for the labor, services, and materials it furnished in the prosecution of the work at the Project, and for which HP failed to make payment, both under the Subcontract, including amendments and modifications thereto, and any amounts which may be due under Count III, below.

27. Travelers has failed to fulfill its obligation under the Bond to pay Southern Spear for the labor, services, and materials it furnished in the prosecution of the work, and for which HP failed to make payment.

28. Southern Spear is entitled to payment from Travelers pursuant to the Miller Act, 40 U.S.C. § 3133 and the Bond.

29. Southern Spear has been damaged as a direct and proximate result of Travelers' failure to pay under the Bond.

30. Travelers is liable for Southern Spear's attorneys' fees because such fees are provided under the Subcontract.

WHEREFORE, Southern Spear respectfully requests judgment against Travelers for damages, prejudgment interest, post judgment interest, reasonable attorneys' fees and all recoverable costs incurred in bringing this action, and for such other and further relief as this Court deems appropriate.

## Count II – Breach of Contract

31.     Southern Spear adopts paragraphs 1-2, 4-7, and 10-24 above into this Count.

32.     Southern Spear substantially and fully performed in reliance on and under the terms of the Subcontract, and at the express direction, command, and authorization of HP and its authorized agents.

33.     Southern Spear substantially performed all of its obligations under the Subcontract.

34.     HP materially breached the Subcontract in that it has failed and refused to pay Southern Spear in full for labor, services, and materials furnished in the prosecution of the work provided for on the Project pursuant to the Subcontract.

35.     As a direct and proximate result of HP's material breach of the Subcontract, Southern Spear has been damaged.

36.     Southern Spear has retained the undersigned attorneys to represent them in this action and is obligated to pay them a reasonable fee for their services. Southern Spear is entitled to recover its reasonable attorneys' fees from HP as provided under the Subcontract.

WHEREFORE, Southern Spear respectfully requests judgment against HP for damages, prejudgment interest, post judgment interest, attorneys' fees and all recoverable costs incurred in bringing this action, and for such other and further relief as this Court deems appropriate.

### Count III – Unjust Enrichment

37.     Southern Spear adopts paragraphs 1-2, 4-7, and 11-22 above into this Count.

38.     This Count is in the alternative to Count II to the extent that the Subcontract is somehow declared invalid, but is also independent of Count II to the extent that any term of condition of the Subcontract limits or prevents a full recovery from HP for the labor, services, and materials furnished by Southern Spear.

39.     At the express request, direction and with the full knowledge of HP, Southern Spear provided valuable labor, services, and materials that were necessary for HP to perform and complete its obligations for the completion of the Project.

40.     HP benefited from Southern Spear's labor, services, and materials as HP did not fully perform its obligations for the timely and satisfactory completion of the Project and, upon information and belief, HP

has been paid for all or some of Southern Spear's work but has failed to pay Southern Spear.

41. HP appreciated the benefit it receives from the labor, services, and materials furnished by Southern Spear, and knowingly and voluntarily accepted the benefit it received from Southern Spear.

42. Under the circumstances, it would be inequitable for HP to retain the benefits received by HP from Southern Spear without paying the full value.

43. HP has failed and refused to pay Southern Spear for the labor, services and materials provided by Southern Spear.

44. As a direct and proximate result of HP's failure to pay for Southern Spear's labor, services, and materials, Southern Spear has suffered damages and HP has been unjustly enriched as a result of HP's failure to pay Southern Spear for the labor, services, and materials.

WHEREFORE, Southern Spear respectfully requests judgment against HP for damages, prejudgment interest, post judgment interest, all recoverable costs incurred in bringing this action, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Bruce D. Partington*
Bruce D. Partington, FLB #871508
Marcela Fishbein, FLB #1038659
CLARK PARTINGTON
125 East Intendencia Street, 4th Floor
Pensacola, FL 32502
(850) 434-9200
bpartington@clarkpartington.com
mfishbein@clarkpartington.com
*Attorneys for Plaintiff*